UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHU CHINSAMI, | No. 2:21-cv-1056 DB P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| JARED LOZANO, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleges that a device was implanted in his eye without his consent. Presently before the court is plaintiff's motion to proceed in forma pauperis (ECF No. 3) and his complaint (ECF No. 7) for screening. For the reasons set forth below, the court will deny the recommend the motion to proceed in forma pauperis be denied and the complaint be dismissed without leave to amend.

**BACKGROUND**

Plaintiff initiated this action by filing a letter (ECF No. 1) and a motion to proceed (ECF No. 3) in forma pauperis in the United States District Court for the Central District of California. The court construed plaintiff's filing as an intent to file an action pursuant to 42 U.S.C. § 1983 and directed plaintiff to file a complaint. (ECF No. 6.) After plaintiff filed a complaint (ECF No. 7), the case was transferred to this court.

**SCREENING**

I. **Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227. Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell AtlanticCorp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

////

////

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. Here, the defendants must act under color of federal law. Bivens, 403 U.S. at 389. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**II.    Allegations in the Complaint**

The events giving rise to the claim occurred while plaintiff was in the custody of the California Department of Corrections and Rehabilitation (CDCR). (ECF No. 7 at 1.) Plaintiff has identified California Medical Facility (CMF) warden Jared Lozano as the sole defendant in this action.

Plaintiff alleges that a former CDCR psych, Wilson, forged plaintiff's legal documents in 1997. (Id. at 3.) He further alleges a CDCR ophthalmologist, Dr. Carroll, "planted a computer programmer eye lens" in plaintiff's right eye without plaintiff's consent. Plaintiff claims that

////

3

Wilson is "continuously, computer controlling and studying [plaintiff's] brain and body." (Id.) Plaintiff seeks removal of the device from his right eye.

### III.  Failure to State a Claim

#### A. Frivolous

"[T]he in forma pauperis statute . . . 'accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.'" Denton v. Hernandez, 504 U.S. 25, 32 (1992) (quoting Neitzke, 490 U.S. at 327). "Examples of the latter class are claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar." Neitzke, 490 U.S. at 328. Allegations that are fanciful, fantastic, or delusional give rise to claims that are factually frivolous. Denton, 504 U.S. at 32-33 (citing Neitzke, 490 U.S. at 325, 327-28). The district court is therefore authorized to make a finding of factual frivolousness "when the facts alleged rise to the level of the irrational or the wholly incredible." Denton, 504 U.S. at 33.

Plaintiff has alleged that non-party defendants have implanted a device in his eye and are using the device to study his brain and body. (ECF No. 7 at 3.) The court finds such allegations implausible on their face and there is no indication that they are grounded in reality. Plaintiff's claims fall within the category of those "describing fantastic or delusional scenarios" and should be dismissed. See Monroe v. Arpaio, No. CV053441 PHX-NVM (VAM), 2005 WL 3054067, at *2-3 (D.Ariz. Nov. 14, 2005) (dismissing with prejudice, at screening, inmate's claim that he told jail officials he "had a mind-reader on him" but they did not transfer him to a secure facility, set up a "scrambler" to block radio waves and satellite frequencies, and arrest those responsible for the illegal use of a mind-reader); Payne v. Contra Costa Sheriff's Dep't, No. C 02-2382 CRB (PR), 2002 WL 1310748, at *1 (N.D. Cal. June 10, 2002) (denying leave to proceed in forma pauperis and dismissing inmate's complaint where he alleged that the department was using telepathy and mind control to allow others to have access to his memories); Waldrop v. Dep't of Corr., No. CIV S-06-1260 DFL EFB P, 2006 WL 2926754 at *1 (dismissing action where plaintiff alleged California Department of Corrections and Rehabilitation placed radio

4

transmitters in his ears and used satellite transmissions to monitor him). Accordingly, the court will recommend that the complaint be dismissed as frivolous.

### B. Duplicative

Examination of the complaint and review of the Court's docket reveals that the pleading filed in this action contains allegations identical to, and therefore duplicative of, the complaints filed on September 4, 2020 and May 5, 2021 in Chinsami v. Lozano, No. 2:20-cv-1792 JAM DB P (E.D. Cal.). "A complaint 'that merely repeats pending or previously litigated claims'" is subject to dismissal under 28 U.S.C. § 1915(e). Cato v. United States, 70 F.3d 1103, 1105 (9th Cir. 1995) (quoting Bailey v. Johnson, 846 F.2d 1019, 1021 (5th Cir. 1988)). "[A] duplicative action arising from the same series of events and alleging many of the same facts as an earlier suit" may be dismissed as frivolous or malicious under section 1915(e). See Bailey, 846 F.2d at 1021. "Dismissal of the duplicative lawsuit, more so than the issuance of a stay or the enjoinment of proceedings, promotes judicial economy and the 'comprehensive disposition of litigation.'" Adams v. California Dep't of Health Servs., 487 F.3d 684, 692 (9th Cir. 2007) (citation omitted), overruled on other grounds by Taylor v. Sturgell, 553 U.S. 880, 904 (2008).

To determine whether a claim is duplicative, courts use the test for claim preclusion. Adams, 487 F.3d at 688. "Thus, in assessing whether the second action is duplicative of the first, [courts] examine whether the causes of action and relief sought, as well as the parties or privies to the action, are the same." Id. at 689 (citations omitted). "Plaintiffs generally have no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant." Id. at 688 (internal quotation marks and citations omitted).

////
////
////
////
////
////

In both this action and Chinsami v. Lozano, No. 2:20-cv-1792 JAM DB P,[1] plaintiff alleges that a computer was implanted in his eye to control him and has identified the same individuals as defendants. The court finds that this action is duplicative of Chinsami v. Lozano, No. 2:20-cv-1792 JAM DB P because it repeats the same allegations against the same defendants. Accordingly, the complaint should be dismissed.

## NO LEAVE TO AMEND

For the reasons stated above, the complaint should be dismissed. The undersigned has carefully considered whether plaintiff may amend the complaint to state a claim upon which relief can be granted. "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988); see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments). Here, given the defects noted above, the undersigned finds that granting leave to amend would be futile.

## IN FORMA PAUPERIS

Plaintiff submitted an affidavit and prison trust account statement that make the showing required by 28 U.S.C. § 1915(a). (ECF No. 3.) Nevertheless, because this court recommends dismissal of this action without leave to amend, the court further recommends that plaintiff's request to proceed in forma pauperis be denied as moot.

////

---

[1] The court notes that plaintiff has made similar allegations in at least four other prior cases. See Chinsami v. Fox, No. 2:16-cv-2153 KJM AC P (May 28, 2019 Findings and Recommendations (allegation that "CDCR intentionally placed a computer programmer eye lens" in plaintiff's right eye in order to control him found frivolous), rep. and reco. adopted, 2:16-cv-2153 KJM AC P (July 8, 2019); Chinsami v. Fox, No. 2:16-cv2461 EFB (May 1, 2017 Order (allegations that "CDCR plaint[ed] a sophisticated computer programmer eye lens in plaintiff['s] right eye illegally . . . so defendant can control another human brain by computer" found frivolous)); Chinsami v. Singh, No. 2:14-cv-0461 EFB (May 14, 2014 Order (plaintiff's claims that CDCR "planted a computer programmer eye lens in [his eye]" and that prison officials were controlling his mind by computer deemed "fantastical" and "frivolous")); Chinsami v. Silbaugh, No. 2:12-cv-2202 DAD (July 22, 2013 Order ("plaintiff's claims concerning an implant on his eye for research purposes and to keep him under surveillance are frivolous and delusional")).

**CONCLUSION**

For the reasons set forth above, IT IS HEREBY ORDERED that the Clerk of the Court shall randomly assign a district judge to this action.

IT IS HEREBY RECOMMENDED that:

1. The motion to proceed in forma pauperis (ECF No. 3) be denied as moot; and

2. The complaint (ECF No. 7) be dismissed without leave to amend.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty (20) days after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 1, 2021

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB/DB Prisoner Inbox/Civil Rights/S/chin1056.scrn

7